# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued April 19, 2007          Decided July 24, 2007

No. 06-5136

TAX ANALYSTS,
APPELLEE

v.

INTERNAL REVENUE SERVICE,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 05cv00934)

*Francesca U. Tamami*, Attorney, United States Department of Justice, argued the cause for the appellant. *Jeffrey A. Taylor*, United States Attorney, and *Jonathan S. Cohen*, Attorney, were on brief. *Michael J. Martineau*, Attorney, entered an appearance.

*Cornish F. Hitchcock* argued the cause for the appellee. *William A. Dobrovir* was on brief.

Before: HENDERSON, ROGERS and KAVANAUGH, *Circuit Judges*.

Opinion for the court filed by *Circuit Judge* HENDERSON.

KAREN LECRAFT HENDERSON, *Circuit Judge*: Tax Analysts brought this action to compel the Internal Revenue Service

(IRS) to disclose, *inter alia*, e-mails containing legal advice that lawyers in the IRS Office of the Chief Counsel (OCC) sent to IRS field personnel. The district court granted summary judgment to Tax Analysts on the ground that the documents sought constitute "Chief Counsel advice" (CCA) which the IRS is required to disclose under 26 U.S.C. § 6110. *Tax Analysts v. IRS*, C.A. No. 05-0934, slip op. at 1 (D.D.C. Feb. 27, 2006). The IRS contends the statute's plain language makes clear that such advice is not CCA or, alternatively, if the language is ambiguous, that the IRS has reasonably construed it to exclude the e-mails from CCA. We conclude that the plain statutory language mandates that the IRS disclose the e-mails.

## I.

Section 6110 of Title 26 of the United States Code provides generally with regard to IRS documents that "the text of any written determination and any background file document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe." 26 U.S.C. § 6110(a). Until 1998 the statute defined "written determination" as "a ruling, determination letter, or technical advice memorandum." 26 U.S.C. § 6110(b)(1) (1998). In *Tax Analysts v. IRS*, 117 F.3d 607 (D.C. Cir. 1997), we held that this definition required the IRS to disclose as written determinations "Field Service Advice" memoranda (FSAs), which were prepared by lawyers in the IRS's Office of Chief Counsel (OCC) in response to requests for "legal guidance, usually with reference to the situation of a specific taxpayer," "from field personnel of either the [OCC] or the IRS, such as field attorneys, revenue agents, and appeals officers," *Tax Analysts*, 117 F.3d at 609.

In 1998, the Congress codified the court's holding in *Tax Analysts* by amending section 6110 in two important respects. First, it amended the definition of "written determination" to expressly include "Chief Counsel advice." Internal Revenue

Service Restructuring and Reform Act, Pub. L. No. 105-206, § 3509(a) (1998). Second, it added subsection 6110(i) entitled "Special rules for disclosure of Chief Counsel advice," which defines "Chief Counsel advice" as

> written advice or instruction, under whatever name or designation, prepared by any national office component of the Office of Chief Counsel which—
>
> **(i)** is issued to field or service center employees of the Service or regional or district employees of the Office of Chief Counsel; and
>
> **(ii)** conveys—
>
>> **(I)** any legal interpretation of a revenue provision;
>>
>> **(II)** any Internal Revenue Service or Office of Chief Counsel position or policy concerning a revenue provision; or
>>
>> **(III)** any legal interpretation of State law, foreign law, or other Federal law relating to the assessment or collection of any liability under a revenue provision.

*Id*. § 3509(b)(i)(1)(A) (codified at 26 U.S.C. § 6110(i)(1)(A)).

In September 1998, OCC issued a "Questions and Answers" document addressing issues raised by the new CCA disclosure provisions in section 6110. Regarding e-mail advice from OCC lawyers, the document stated that, although "e-mail is a writing," if an e-mail "consumed less than two hours of research and preparation, such that [a lawyer] need not open a case file, then, the e-mail is to be treated like informal telephone advice (which is memorialized in writing, also)," noting that "[t]he legislative history to section 3509 clarifies that informal advice

is not considered to be CCA." JA 59; *see also* Chief Counsel Directives Manual (CCDM) Exh. 33.1.2-1 (JA 102).

On June 7, 2004, Tax Analysts sent a letter to OCC requesting disclosure under section 6110 of, *inter alia*, "all written legal advice documents, whether or not styled CCA, prepared by National Office components of OCC for the field, and which have been withheld from public disclosure on the ground that such written advice 'can be rendered in less than two hours,' or that such documents 'can be prepared in less than two hours.' " Decl. of Assoc. Chief Counsel Deborah A. Butler ¶ 22 (JA 32).[1] The letter also included a request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, for records regarding the two-hour disclosure rule.

On July 12, 2004, the IRS responded to the section 6110 request with a letter stating that the request " 'raises several issues that we are investigating' and that '[a]t this time we are not in a position to advise as to a timetable for response.' " Compl. ¶ 16(a) (alteration in original). In a follow-up e-mail dated February 4, 2005, the IRS advised Tax Analysts it would not respond to the request until after it completed processing another request from Tax Analysts, which it did not expect to occur until September 30, 2005. In response to the FOIA request, the IRS sent a series of letters requesting additional time to respond. In a letter dated April 21, 2005, the IRS stated it would " 'try to respond to the FOIA portion of the [amended] request by May 23, 2005.' " *Id.* ¶ 17 (alteration in original).

On May 10, 2005, Tax Analysts, having received no documents from the IRS, filed this action in the district court.

---

[1]The letter also sought disclosure of "all CCA withheld from disclosure on the ground that the document transmitted was a pre-existing legal memorandum." Compl. ¶ 15. On appeal Tax Analysts treats these documents as "within the category of 'less-than-two-hour' advice." Appellee's Br. at 7 n.4.

On February 27, 2006, the district court granted summary judgment in Tax Analysts' favor on the section 6110 request, concluding that "written advice rendered to regional employees by attorneys in the IRS Office of Chief Counsel's national office in less than two hours is 'Chief Counsel advice' falling within the public inspection requirements of § 6110." *Tax Analysts*, C.A. No. 05-0934, slip op. at 1.[2]

The IRS filed a notice of appeal on April 27, 2006.

## II.

The court reviews the district court's grant of summary judgment *de novo*. *Holly Sugar Corp. v. Johanns*, 437 F.3d 1210, 1212-13 (D.C. Cir. 2006); *Milk Train, Inc. v. Veneman*, 310 F.3d 747, 753 (D.C. Cir. 2002). "The burden of proof with respect to the issue of disclosure of any information shall be on the Secretary and any other person seeking to restrain disclosure." 26 U.S.C. § 6110(f)(4)(A). Applying these standards, we conclude that the IRS has not met its burden and that Tax Analysts is, as the district court held, entitled under section 6110 to disclosure of the e-mails the IRS withheld from disclosure under its two-hour rule.

The district court correctly concluded that the plain language of section 6110 requires disclosure of the e-mails. Section 6110(a) unequivocally requires that the IRS make available for public inspection "the text of *any written determination* and any background file document relating to such written determination." *Id*. § 6110(a) (emphasis added). As amended

---

[2]The district court granted summary judgment in favor of the IRS on the FOIA request, concluding that "the Office of Chief Counsel properly withheld a number of requested documents under the deliberative process privilege of 5 U.S.C. § 552(b)(5)." *Tax Analysts*, C.A. No. 05-0934, slip op. at 1. Tax Analysts does not appeal the FOIA ruling.

in 1998, section 6110 defines "written determination" to include "Chief Counsel advice," *id*. § 6110(b)(1)(A), and defines "Chief Counsel advice," in turn, to include "written advice or instruction . . . prepared by any national office component of the Office of Chief Counsel which . . . is issued to field or service center employees of the Service or regional or district employees of the Office of Chief Counsel" and "conveys . . . any legal interpretation of a revenue provision," *id*. § 6110(i)(1)(A). The documents Tax Analysts seeks readily fit this description. They are written interpretations of revenue provisions prepared by lawyers in OCC and sent to field personnel. Nonetheless, the IRS has raised two interpretational arguments to support withholding the documents—each hinging on the formality of the advice provided.

Before the district court, the IRS argued primarily that "issued," as used in section 6110(i)(1)(A)(i), is ambiguous and should be interpreted to require that the advice be formally issued by OCC as its official position and therefore cannot apply to the "informal" written advice Tax Analysts seeks. On appeal, the IRS largely passes over the "issued" argument urged below and relies instead on its interpretation of the statutory term "component." According to the IRS, the informal advice of individual lawyers employed by a national office component "without supervisory review," Appellant's Br. at 22, cannot be considered to be advice of a "component" of OCC because a " 'component' is an institutional entity, such as a Division, or perhaps a Branch within a Division," *id*. at 21. Thus, the IRS maintains, the informal, unreviewed advice of an individual lawyer is not "prepared by any national office component," 26 U.S.C. § 6110(i)(1)(A), and therefore not subject to the disclosure requirement in section 6110. We find neither of the IRS's arguments persuasive.

As a preliminary matter, Tax Analysts contends that the "component" argument, which the IRS acknowledges "was not

emphasized below," Appellant's Br. at 20 n.5, has been waived because it was not adequately presented to the district court. *See United States ex rel. Hampton v. Columbia/HCA Healthcare Corp.*, 318 F.3d 214, 219 (D.C. Cir. 2003) ("Arguments not presented to the district court will not be heard on appeal absent exceptional circumstances, and there are none in this case." (citing *District of Columbia v. Air Fla., Inc.*, 750 F.2d 1077, 1084-85 (D.C. Cir. 1984))). Nonetheless, we assume, without deciding, that the argument has not been waived and we address, and reject, both arguments on the merits. *See Moore v. CapitalCare, Inc.*, 461 F.3d 1, 9 n.9 (D.C. Cir. 2006) (court not required to decide waiver issue because, assuming argument was preserved, appellant lost on merits).

The common meaning of "issue," as a transitive verb, is "[t]o give exit to; to send forth, or allow to pass out; to let out; to emit; to discharge." VIII Oxford English Dictionary 137 (2d ed.1989) (OED); and we see no reason this meaning should not apply here. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388 (1993) ("Courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry 'their ordinary, contemporary, common meaning.' " (quoting *Perrin v. United States*, 444 U.S. 37, 42 (1979))). While it is true that in context, the word can mean "[t]o give or send out authoritatively or officially; to send forth or deal out in a formal or public manner," VIII OED at 137, nothing in the statute indicates that this meaning was intended here or that any formal approval or imprimatur is required. In fact, section 6110 itself makes clear that CCA encompasses not only a formal "Internal Revenue Service or Office of Chief Counsel position or policy concerning a revenue provision" but "*any* legal interpretation of a revenue provision." 26 U.S.C. § 6110(i)(1)(A)(ii)(I)-(II) (emphasis added). Thus, as is ordinarily the case, "issued" in section 6110 means simply "sent forth."

Similarly, under common parlance—and common agency principles—the phrase "prepared by any national office component of the Office of Chief Counsel" includes advice prepared by an individual OCC lawyer whether the lawyer himself be considered a "component" of OCC, *see* III OED at 620 (defining "component" as "constituent element or part"), or simply a member of an institutional component—such as the Office of the Associate Chief Counsel—who prepares the opinion on behalf of the institutional component, *see generally* CCDM § 33.1.2 (JA 96 *et seq.*) ("Chief Counsel's Legal Advice Program"). The Chief Counsel Directives Manual itself recognizes this plain meaning by treating unreviewed advice prepared by a single OCC lawyer as advice prepared by a "national component" of OCC, distinguishing between CCA (disclosure of which is required) and non-CCA (disclosure of which is not required) based on the amount of time spent in preparation and not on the existence *vel non* of supervisory review. *See, e.g.*, *id.* exh. 33.1.2-1 (JA 102) (designating "legal advice that can be rendered in less than two hours *by a National Office component*" as "informal" "legal advice" that "need not be released to the public") (emphasis added); *id.* § 33.1.3.1.1(2)(c) (JA 105) ("[E]mail responses to questions from the Field, if the response involves less than two hours of research and preparation . . . is considered informal advice and is not CCA. Conversely, if the time expended in researching and preparing an email response consumes two or more hours, then the email is not informal advice and may be CCA if it meets the definition [of CCA]."). We note again that section 6110 expressly classifies as CCA not only a writing that conveys an official "position or policy concerning a revenue provision" but also one that contains "any legal interpretation of a revenue provision." 26 U.S.C. § 6110(i)(1)(A)(ii)(I)-(II).

In sum, the language of section 6110 expressly and broadly requires disclosure as Chief Counsel advice, without further qualification, of "written advice or instruction, *under whatever*

*name or designation*, prepared by *any* national office component of the Office of Chief Counsel . . . issued to field or service center employees of the Service or regional or district employees of the Office of Chief Counsel [which] conveys . . . *any* legal interpretation of a revenue provision." *Id.* § 6110(i)(1)(A) (emphases added). It requires no particular form or formality. Nor does it distinguish between advice a lawyer renders in less than two hours and advice that takes longer than two hours to prepare. Thus, given the broad definition of "Chief Counsel advice" in section 6110(i)(1)(A), we believe that the temporal distinction the IRS draws in its two-hour disclosure rule is contrary to the unequivocal statutory directive that a "written determination," defined to include "Chief Counsel advice" without exception, "shall be open to public inspection," 26 U.S.C. § 6110(a). The IRS cannot, therefore, consistent with the plain language of 26 U.S.C. § 6110, rely on the two-hour rule to avoid disclosing legal advice rendered in under two hours.[3]

For the foregoing reasons, we conclude that the documents Tax Analysts seeks plainly fall within the statutory definition of "Chief Counsel advice," which 26 U.S.C. § 6110 requires be available for inspection. Accordingly, we affirm the district court's grant of summary judgment in favor of Tax Analysts.

*So ordered.*

---

[3]Because the meaning of section 6110 is plain on its face, we decline the IRS's invitation to plumb the legislative history to ascertain congressional intent. As the district court observed, "courts ' "do not resort to legislative history to cloud a statutory text that is clear." ' " *Tax Analysts*, C.A. No. 05-0934, slip op. at 12 (quoting *AT&T Corp v. FCC*, 317 F.3d 227, 235 (D.C. Cir. 2003) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 147-48 (1994))).